IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal Action No. 21-00156-KD-B |
| ) | |
| DERRIC SHERMAINE KITT, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This action is before the Court on Defendant Derric Shermaine Kitt's "Motion to Correct Sentence pursuant to Rule 60(b)" (doc. 39).

A. Background

In Criminal Action No. 21-00079-KD, Kitt was indicted for the offenses of conspiracy to possess with intent to distribute cocaine (Count 2) and possession with intent to distribute cocaine (Count 7) (doc. 37). He pled guilty to Count 2 and was sentenced to a total term of "120 months as to Count 2; said term is to run concurrently with the custody sentence imposed this date in 1:21CR000156-001." (doc. 765). In Criminal Action No. 21-000156-KD, he was indicted for the offense of possession of a firearm by a convicted felon (Count 1) (doc. 1-1). He pled guilty to Count 1 and was sentenced to a total term of "120 months as to Count 1; said term is to run concurrently with the custody sentence imposed this date in 1:21CR000079-007." (doc. 35). Judgment was imposed at the sentencing hearing on August 5, 2022. Both written judgments are silent as to "jail credit" (docs. 765, 35).

B. Rule 60(b) motion

Kitt previously filed a motion pursuant to 28 U.S.C. § 2255 in Criminal Action No. 21-00079-KD. He asked the Court to recalculate his jail credit because he believed that the Federal

Bureau of Prison had incorrectly failed to apply credit for time spent in custody between his arrest and sentencing. The Court found that the relief Kitt sought was available pursuant to 28 U.S.C. § 2241 instead of § 2255, and construed his motion as brought pursuant to § 2241. The Court explained that it lacked jurisdiction because a § 2241 motion must be filed in the district court in the district where Kitt is incarcerated. The Court also explained that Kitt must exhaust his administrative remedies with the BOP before filing a § 2241 motion (doc. 834, 851).

Kitt relies upon Rule 60(b) to again move this Court to correct the calculation of jail credit. This time, as to his sentence in 21-00156, he writes "Mr. Kitt would ask this court, after exhausting his administration (*sic*) remedies request this court to order that he receive the jail credit that this court said he would receive" (doc. 39, p. 1). He also asks the Court to "review this case and determine that he is entitled to the jail credit that was served that was applied to his state sentence which was caused by the instant offence" (Id., p. 2).

Again, the Court may construe Kitt's Rule 60(b) motion as a motion pursuant to 28 U.S.C. § 2241. See United States v. Brown, 748 Fed. Appx. 286, (Mem)–287 (11th Cir. 2019) "Courts are obligated to 'look behind the label' of pro se inmate filings to determine whether they are cognizable under 'a different remedial statutory framework.'") (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)). Also, this Court lacks jurisdiction to consider Kitt's § 2241 motion. The relief Kitt seeks – review of the BOP's decision regarding application of jail credit – is properly brought in a § 2241 motion. However, Kitt's § 2241 motion must be filed in the district court in the district where Kitt is incarcerated, and after Kitt exhausts his administrative remedies with the BOP.

Accordingly, Kitt's Rule 60(b) motion, construed as a motion pursuant to 28 U.S.C. § 2241, is **dismissed for lack of jurisdiction**. Fernandez v. United States, 941 F.2d 1488, 1495

(11th Cir.1991) (a petition for writ of habeas corpus pursuant to § 2241 "may be brought only in the district court for the district in which the inmate is incarcerated.").

    C. Rule 36 motion

Kitt's judgment is silent as to any credit for time in custody before sentencing (doc. 35). He moves the Court to "order that he receive the jail credit that this court said he would receive" (doc. 39, p. 1). He appears to believe that the Court orally pronounced, *i.e.*, "said", that he would receive this credit.

A motion to correct a sentence to reflect the Court's oral pronouncement is appropriately brought pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Therefore, the Court construe's Kitt's motion as brought pursuant to Rule 36. See United States v. Brown, 748 Fed. Appx. at 287. The Rule provides that a court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Relevant here, if there "is any discrepancy between the two, a court's oral pronouncement of a sentence rules over the written judgment." United States v. Zano, 2024 WL 2828867, at *2 (11th Cir. June 4, 2024) (citation omitted).

Review of the sentencing transcript indicates that the Court did not orally pronounce that Kitt would receive credit for time spent in custody prior to sentencing (doc. 38, Under Seal). Since Kitt's judgment is consistent with the oral pronouncement of sentence, there is no error to correct. Accordingly, his Rule 36 motion is **denied.**

DONE and ORDERED this the 11th day of October 2024.

                                        s/ Kristi K. DuBose
                                        KRISTI K. DuBOSE
                                        UNITED STATES DISTRICT JUDGE